# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT D. DUNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-22-451-F |
| | ) | |
| CARRIE BRIDGES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Robert D. Dunn, a state prisoner appearing *pro se*, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254.   The court referred the matter to United States Magistrate Judge Suzanne Mitchell for proceedings consistent with 28 U.S.C. §§ 636(b)(1)(B) and (C).   After examining the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Magistrate Judge Mitchell issued a Report and Recommendation, recommending the dismissal of the petition as untimely.   *See*, doc. no. 9. Magistrate Judge Mitchell advised petitioner of his right to file an objection to the Report and Recommendation on or before August 16, 2022.

The court is in receipt from petitioner of three motions filed August 8, 2022: (1) "28 U.S.C.A.; F.R.C.P. 60(b)(4) Motion and 28 U.S.C.S. § 2254 (e)(2)(A)(ii)" (doc. no. 10); (2) "28 U.S.C.A. F.R.C.P. Motion 60(b)(1-7) and 60(d)(3)" (doc. no. 11); and (3) "Motion to Vacate Sentence and Release Prisoner; F.R.Civ.P. 60(b)(4) § 25" (doc. no. 12).   With the filing of these motions and upon review of the record, the court finds that petitioner's § 2254 petition is an unauthorized second or

successive § 2254 petition which must be dismissed without prejudice for lack of jurisdiction.

Petitioner challenges a 1992 conviction and sentence in Case No. CRF-91-27, District Court of Harper County, State of Oklahoma.   However, petitioner filed a previous § 2254 petition in this court challenging the same conviction and sentence. *See*, Dunn v. Parker, Case No. CIV-09-1239-F.   United States Magistrate Judge Valerie K. Couch reviewed the petition and recommended that it be summarily dismissed as untimely pursuant to 28 U.S.C. § 2244(d).   *See*, *id*. (doc. no. 14). Upon objection from petitioner, the court conducted a de novo review of the matter and accepted, adopted, and affirmed the recommended ruling.   The court dismissed the § 2254 petition as untimely pursuant to 28 U.S.C. § 2244(d) and denied a certificate of appealability.   *See*, *id*. (doc. nos. 18, 19 and 23).   On appeal, the Tenth Circuit denied petitioner's application for a certificate of appealability and petitioner's petition for rehearing.   *See*, *id*., (doc. nos. 29 and 30).   The Supreme Court denied petitioner's petition for writ of certiorari.   *See*, *id*. (doc. no. 33).

Courts are obligated to examine their jurisdiction *sua sponte* and dismiss any action where jurisdiction is lacking.   *See*, Arbaugh v. Y&H Corp., 546 U.S. 500, 506-507 (2006).   Section 2244(b) of Title 28 of the United States Code requires that before a second or successive § 2254 petition is filed in the district court, the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."   28 U.S.C. § 2244(b)(3)(A).   If the petitioner does not obtain authorization from the appellate court to file the second or successive § 2254 petition, the district court has no jurisdiction to consider the petition.   *See*, In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28

U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

The record reflects that petitioner is challenging the same conviction and sentence previously challenged and adjudicated on the merits.   *See*, In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (The dismissal of a § 2254 petition as time-barred is a decision on the merits.).    Therefore, petitioner was required to obtain authorization from the Tenth Circuit before filing his second or successive § 2254 petition.    The record, however, is absent of any such authorization.    With no authorization, the court lacks jurisdiction over the second or successive § 2254 petition.   *See*, In re Cline, 531 F.3d at 1251.   This is true even though petitioner is raising in part a jurisdictional challenge to his 1992 conviction and sentence.   *See*, Cowan v. Crow, 804 Fed. Appx. 893, 894 (10th Cir. 2020) (unpublished decision cited as persuasive under 10th Cir. R. 32.1(A)); Dopp v. Martin, 750 Fed. Appx. 754, 757 (10th Cir. 2018) (unpublished decision cited as persuasive under 10th Cir. R. 32.1(A));  Burchett v. Pettigrew, Case No. 21-CV-0118-CVE-CDL, 2021 WL 5066099, at *2 (N.D. Okla. Nov. 1, 2021).

Although the court recognizes it is permitted under 28 U.S.C. § 1631 to transfer the unauthorized second or successive § 2254 petition to the Tenth Circuit for authorization, *see*, In re Cline, 531 F.3d at 1252, the court declines to take such action.   The court concludes that transferring the petition to the Tenth Circuit is not in the interest of justice.   Specifically, the court finds that petitioner's claims in the petition do not clearly meet the statutory requirements under 28 U.S.C. § 2244(b)(2). *See*, Crawford v. Milyard, 350 Fed. Appx. 240, 242 (10th Cir. 2009) ("A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2244(b)(2).") (citing In re

Cline, 531 F.3d at 1252) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Because the court lacks jurisdiction over petitioner's unauthorized second or successive § 2254 petition and declines to transfer it to the Tenth Circuit for authorization, the court finds that the petition must be dismissed without prejudice for lack of jurisdiction.   Additionally, because the court finds that petitioner cannot show that "jurists of reason would find it debatable whether the [] court [is] correct in its procedural ruling," Slack v. McDaniel, 529 U.S. 473, 484 (2000), the court denies petitioner a certificate of appealability.

Accordingly, petitioner Robert D. Dunn's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (doc. no. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.   In light of the court's ruling, the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell is **STRICKEN** as **MOOT**.   The motions (doc. nos. 10, 11, 12) filed by petitioner Robert D. Dunn are also **STRICKEN** as **MOOT**.   A certificate of appealability is **DENIED**.   A judgment shall issue separately.

DATED this 31st day of August, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0451p001.docx

4