# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT D. DUNN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | )   Case No. CIV-22-451-F |
| | ) |
| CARRIE BRIDGES, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On August 31, 2022, the court entered an order (1) dismissing without prejudice for lack of jurisdiction petitioner Robert D. Dunn's habeas corpus petition under 28 U.S.C. § 2254, and (2) denying petitioner a certificate of appealability. Doc. no. 13. The court specifically found that it lacked jurisdiction to address the merits of petitioner's § 2254 petition because it was an unauthorized second or successive § 2254 petition. A final judgment was entered by the court the same day. Doc. no. 14.

Within 28 days of the court's judgment, petitioner filed a Motion for Clarification. On September 14, 2022, the court entered an order denying petitioner's motion, which the court construed as a motion to alter or amend the judgment pursuant to Rule 59(e), Fed. R. Civ. P. Doc. no. 16.

The court is currently in receipt of a "28 U.S.C.[] § 636(B)(1)(b)-(c) Objection Motion for error of Court, and Clarification" filed by petitioner. Doc. no. 17. Like his Rule 59(e) motion, petitioner contends that the court erred in finding his § 2254 petition, which claimed Oklahoma lacked jurisdiction to prosecute him under the Supreme Court's ruling in McGirt v. Oklahoma, 140 S.Ct. 2452 (2020), was a

second or successive § 2254 petition.  Petitioner's arguments are similar to those made in his Rule 59(e) motion.

Because petitioner's motion has been filed more than 28 days from entry of the court's judgment,[1] the court construes petitioner's motion as a motion under Rule 60(b), Fed. R. Civ. P.  See, Johnson v. Patton, 804 Fed. Appx. 928, 929, n. 1 (10th Cir. 2020) ("district court properly considered [petitioner's] argument as a Rule 60(b) motion—not a second or successive petition—because he sought to challenge the district court's procedural dismissal and its failure to adjudicate the merits of his habeas claims, as opposed to asserting a federal basis for the district court to vacate his underlying conviction.") (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Upon review, the court finds that petitioner has failed to demonstrate that he is entitled to relief from the court's judgment under Rule 60(b).  Petitioner has not shown that any of specific circumstances set out in Rules 60(b)(1)-(5) are applicable.  As to Rule 60(b)(6), which allows relief from a judgment for "any other reason that justifies relief," petitioner has failed to show "extraordinary circumstances" justifying the reopening of the court's judgment.  See, Gonzalez v. Crosby, 545 U.S. 524, 536, 538 (2005).  The court therefore finds that petitioner's Rule 60(b) motion should be denied.[2]

---

[1] Although petitioner's motion is dated within 28 days of the court's judgment, petitioner has not shown compliance with the federal prison mailbox rule.  See, Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005).  In any event, a motion under Rule 59(e) is a "one-time effort to bring alleged errors in a just-issued decision[.]" Banister v. Davis, 140 S.Ct. 1698, 1710 (2020).

[2] To the extent petitioner's motion is only seeking reconsideration of the court's denial of his Rule 59(e) motion, petitioner has failed to demonstrate any of the recognized grounds justifying reconsideration of the court's ruling.  See, Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (grounds justifying reconsideration include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice").  Further, petitioner is seeking to revisit issues already addressed by the court, which is not a proper basis for reconsideration.  Id.

A certificate of appealability is required to appeal a Rule 60(b) motion in a habeas case. *See*, Johnson, 804 Fed. Appx. at 930. To obtain a certificate of appealability to challenge the court's procedural ruling, petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court finds that petitioner cannot make the required showing.

Accordingly, petitioner's "28 U.S.C.[] § 636(B)(1)(b)-(c) Objection Motion for error of Court, and Clarification" (doc. no. 17), construed by the court as a motion under Rule 60(b), Fed. R. Civ. P., is **DENIED**. A certificate of applicability is **DENIED**.

DATED this 11th day of October, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0451p004.docx